UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM HAMPTON,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No. CR04-5568JET<br>      CR98-5387JET<br><br>ORDER ON 2255 |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion Pursuant to 28 U.S.C §2255, and Motion to File Amended 2255.

Having considered the entirety of the record and files herein, the Court finds and rules as follows:

1. Defendant filed a Motion to Reopen Judgment and Conviction on August 2, 2004, and a 2255 motion on August 31, 2004.

2.	The Court stayed proceedings on Defendant's 2255 Motion/Motion to Reopen pending a ruling in Blakely v.Washington, 124 S.Ct. 2531 (9th Cir. 2004). That stay has been lifted.

3.	Defendant's Motion to File an Amended 2255 is DENIED.

4.	The Ninth Circuit extended the court's reasoning in Blakely to the federal sentencing guidelines in United States v. Ameline, 376 F.3d 967 (9th Cir. 2004). In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that the Sixth Amendment jury trial requirement as construed by Apprendi and Blakely applied to the federal sentencing guidelines. Id. at 750. The Court held specific provisions of the guidelines unconstitutional, making them effectively advisory, rather than mandatory. Id. at 757-769.

5.	Defendant filed his 2255 petition more than one year after his conviction became final. Accordingly, Defendant's 2255 motion is DENIED as untimely. 28 U.S.C §2255 (1).

6.	In the alternative, Blakely v.Washington affords Defendant no relief. Defendant's conviction was final before Blakely and Ameline were decided. The Supreme Court has not made Blakely retroactive to cases on collateral review. Cook v. United States, 386 F.3d 949 (9th Cir. 2004); Guzman v. United States, 2005 WL 803214 (2d Cir. (N.Y.)). Accordingly, Defendant's Motion pursuant to 28 U.S.C. §2255 is DENIED.

In order for an appeal to proceed, this Court must issue a Certificate of Appealability. See 28 U.S.C. §2253; United States v. Asrar, 108 F.3d 217 (9th Cir. 1997). For the certificate to issue, this Court must determine that "the applicant has made a substantial showing of the denial of a constitutional right" and the Court must "indicate which specific issue or issues satisfy the showing." 28 U.S. C. §2253(c)(2)-(3). If the Court denies the certificate, it must "state the reasons why such a certificate should not issue." Fed.R.APP.P. 22(b); Asrar, 108 F.3d at 218.

For the foregoing reasons, the Court declines to issue a Certificate of Appealability because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28

Hampton Order

U.S.C. §2253(c)(2).

IT IS SO ORDERED.

The clerk of the court is instructed to send uncertified copies of this Order to all counsel of record.

DATED this 9th day of May, 2005.

s/JACK E. TANNER
_____
JACK E. TANNER
SR. UNITED STATES DISTRICT JUDGE

Hampton Order